IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT THOMAS DAVIS**  **PLAINTIFF**

v.  No. 1:06CV282-D-A

**WEST POINT POLICE
DEPARTMENT, ET AL.**  **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Robert Thomas Davis, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that after he got into a fight with a man named Lee Cunningham over a woman – Shirley Brown – the plaintiff's girlfriend. Cunningham was armed with a knife, and the plaintiff, though initially unarmed, claims he eventually fought off his attacker with a tire iron. When the plaintiff went to the police station, bloody from the encounter, to file charges against his attacker, the plaintiff himself was arrested and charged with aggravated assault for his participation in the fight. The plaintiff admits that he and Cunningham fought but insists that his actions were in self-defense. The plaintiff is incensed that he was charged with aggravated assault, but his foe was not charged at all.

Among many other forms of relief, the plaintiff seeks orders requiring an investigation of the West Point Police Department, the dismissal of the charge against him, and a West Point Police detective suspended from her job. Unfortunately for the plaintiff, none of the events he describes constitute a valid claim under 42 U.S.C. § 1983, and this court can afford none of the relief the plaintiff seeks.

*Heck*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, it is the court finds that the plaintiff's success in his claim for damages against the defendants would necessarily draw into question the validity of his arrest and detention. Therefore, the plaintiff must "demonstrate that the [arrest and detention] has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Plaintiff has made no such showing; therefore, this action shall be dismissed for failure

to state a claim upon which relief could be granted under 28 U.S.C. § 1915(d). *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of January, 2007.

        /s/ Glen H. Davidson
        CHIEF JUDGE